UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE FRANCO,<br><br>   Plaintiff,<br><br> v.<br><br>E-3 SYSTEMS,<br><br>   Defendant. | Case No. 19-cv-01453-HSG<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND**<br><br>Re: Dkt. No. 8 |
| JOSE FRANCO,<br><br>   Plaintiff,<br><br> v.<br><br>E-3 SYSTEMS,<br><br>   Defendant. | Case No. 19-cv-02854-HSG<br><br>Re: Dkt. No. 9 |

Plaintiff Jose Franco filed these putative class and representative actions in state court. Case No. 19-cv-1453-HSG, Dkt. No. 1, Ex. A ("Mot."); Case No. 19-cv-2854-HSG, Dkt. No. 1, Ex. A.[1] Defendant removed the actions to federal court based on federal preemption under § 301 of the Labor Management Relations Act of 1974 ("LMRA"), 29 U.S.C. § 185. Dkt. No. 1; Case No. 19-cv-2854-HSG, Dkt. No. 1. Plaintiff now seeks to remand the actions back to state court. After carefully considering the parties' arguments, the Court **DENIES** Plaintiff's motion.

**I. LEGAL STANDARD**

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be

---

[1] All docket citations refer to the docket in *Jose Franco v. E-3 Systems*, Case No. 19-cv-1453-HSG, unless otherwise indicated.

1  removed" to federal court.  28 U.S.C. § 1441(a).  Federal district courts are courts of limited

2  jurisdiction, and "[n]o principle is more fundamental to the judiciary's proper role in our system of

3  government than the constitutional limitation of federal-court jurisdiction to actual cases or

4  controversies."  *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341 (2006) (citation and

5  quotations omitted and alterations in original).  Consistent with this foundational principle, there is

6  a "'strong presumption' against removal jurisdiction."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th

7  Cir. 1992) (citation omitted).

8  If the district court lacks jurisdiction over an action, a plaintiff may seek remand to state

9  court.  *See* 28 U.S.C. § 1447(c).  "Federal jurisdiction must be rejected if there is any doubt as to

10  the right of removal in the first instance."  *Gaus*, 980 F.2d at 566.  Accordingly, "[t]he strong

11  presumption against removal jurisdiction means that the defendant always has the burden of

12  establishing that removal is proper . . . ."  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th

13  Cir. 2009).

14  In the context of diversity jurisdiction, the Supreme Court has held that the defendant bears

15  the burden of establishing jurisdiction by a preponderance of the evidence.  *Dart Cherokee Basin*

16  *Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014); *see also* 28 U.S.C. § 1446.  District courts

17  in this circuit have applied this standard in the § 301 preemption context.  *See, e.g.*, *Huffman v.*

18  *Pac. Gateway Concessions LLC*, No. 19-CV-01791-PJH, 2019 WL 2563133, at *2 (N.D. Cal.

19  June 21, 2019); *Van Bebber v. Dignity Health*, No. 119CV00264DADEPG, 2019 WL 4127204, at

20  *8 (E.D. Cal. Aug. 30, 2019).

21  **II.  DISCUSSION**

22  Plaintiff is a citizen of California and worked as a non-exempt hourly employee for

23  Defendant E-3 Systems from August 18, 2014 to May 15, 2018.  Dkt. No. 1, Ex. A ("Compl.");

24  Dkt. No. 9-1, Ex. B, Declaration of Albert Gonzales ("Gonzales Decl.") ¶ 3.  E-3 Systems is a

25  California corporation with its headquarters in Union City, California.  Compl. ¶ 5.  On February

26  13, 2019, Plaintiff filed this putative labor class action alleging claims under the California Labor

27  Code, including a claim for failure to pay overtime under § 510.  Compl. ¶¶ 34–75.  The putative

28  class period is "any time within four (4) years of the filing of this lawsuit."  *Id*. ¶ 23.

After Defendant removed the putative class action on March 20, 2019, Plaintiff filed another action in state court, Case No. 19-cv-2854-HSG. The complaint is based on the same set of facts as those in his putative class action complaint, although Plaintiff asserts that the complaint is a representative and "PAGA-only" action. Case No. 19-cv-2854-HSG, Dkt. No. 1, Ex. A ("PAGA Compl."). That complaint only includes PAGA claims, but the predicate California Labor Code violations for which Plaintiff seeks penalties are the same as those in Case No. 19-cv-1453-HSG. *See generally id*. Defendant removed that action on May 23, 2019. Case No. 19-cv-2854-HSG, Dkt. No. 1.

### A. Section 301 Preemption

Under § 301 of the LMRA, "[s]uits for violation of contracts between an employer and a labor organization … may be brought in any district court of the United States." 29 U.S.C. § 185(a). As recently reaffirmed by the Ninth Circuit, the Supreme Court has interpreted the LMRA to authorize federal courts "to create a uniform body of federal common law to adjudicate disputes that arise out of labor contracts." *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1155 (9th Cir. 2019) (citations omitted). "A state rule that purports to define the meaning or scope of a term in a contract suit therefore is pre-empted by federal labor law." *Id.* at 1152 (quoting *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 210 (1985)). Although federal preemption is a defense that does not generally authorize removal to federal court, the Supreme Court has held that § 301 has such "extraordinary pre-emptive power" that it "converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Metro. Life Ins. v. Taylor*, 481 U.S. 58, 65 (1987).

However, § 301 "cannot be read broadly to pre-empt nonnegotiable rights conferred on individual employees as a matter of state law." *Curtis*, 913 F.3d at 1152 (quoting *Livadas v. Bradshaw*, 512 U.S. 107, 123 (1994)). Further, "not every dispute concerning employment, or tangentially involving a provision of a collective-bargaining agreement, is preempted by § 301 or other provisions of federal labor law." *McCray v. Marriott Hotel Servs., Inc.*, 902 F.3d 1005, 1009 (9th Cir. 2018) (quoting *Lueck*, 471 U.S. at 211). Claims which have no relationship to a collective-bargaining agreement "beyond the fact that they are asserted by an individual covered

3

by such an agreement are simply not pre-empted by § 301." *Id*. (citation and quotations omitted).

The Ninth Circuit has employed a two-step test to ensure that § 301 preemption "extends only as far as necessary to protect the role of labor arbitration in resolving CBA disputes." *Curtis*, 913 F.3d at 1153 (citation and quotations omitted). First, the court asks whether the asserted cause of action involves a "right [that] exists solely as a result of the CBA." *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007). "If the right exists solely as a result of the CBA, then the claim is preempted, and our analysis ends there." *Id*. (citing *Lueck*, 471 U.S. at 210). If not, the court proceeds to the second step and asks "'whether a plaintiff's state law right is substantially dependent on analysis of [the CBA],' which turns on whether the claim cannot be resolved by simply 'look[ing] to' versus 'interpreting' the CBA." *Curtis*, 913 F.3d at 1153 (citations and quotations omitted and alterations in original). Interpretation is construed narrowly in this context. *Id*. If claims are dependent on interpretation of the CBA, then the claim is preempted by § 301; if not, the claim may proceed under state law. *Burnside*, 491 F.3d at 1059–60.

### i. Step 1: Whether Plaintiff's Overtime Right Exists Solely as a Result of the CBA

The dispositive question in this case is whether Plaintiff's § 510 overtime claim involves a "right [that] exists solely" as a result of the CBAs. *See Curtis*, 913 F.3d at 1152 (citations and quotations omitted and alterations in original). Defendant argues that the CBAs between it and Plaintiff's union satisfy the "Labor Code exemption" in Cal. Lab. Code § 514, so as to preempt Plaintiff's overtime claim under *Curtis*. Dkt. No. 9 ("Opp.") at 4–5; Case No. 19-cv-2854-HSG, Dkt. No. 12. Plaintiff argues that his claims assert "independent state law rights" which do not require interpretation of the CBAs. Mot. at 5–10.

*Curtis* is dispositive. In *Curtis*, the Ninth Circuit held that overtime claims under Cal. Lab. Code § 510 are controlled by the CBA if the CBA satisfies the requirements of Cal. Lab. Code § 514. *Curtis*, 913 F.3d at 1155. Section 510 provides a default rule for overtime, but does not apply if there is an "alternative workweek schedule adopted pursuant to a collective bargaining agreement pursuant to Section 514." Cal. Lab. Code § 510(a)(2). Section 514 provides that:

4

> Section 510 and 511 do not apply to an employee covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage.

Cal. Lab. Code § 514. Based on the language in §§ 510 and 514, the Ninth Circuit held that where a CBA meets the requirements of § 514, a plaintiff's § 510 claim for overtime is "controlled" by a CBA and therefore preempted by § 301 of the LMRA. *Curtis*, 913 F.3d at 1155. The *Curtis* court noted that any other interpretation would make §§ 510(a)(2) and 514 superfluous. *Id*. In reaching this conclusion, *Curtis* overruled *Gregory v. SCIE, LLC*, 317 F.3d 1050 (9th Cir. 2003), which had held that § 510, rather than a CBA, defined what hours constituted "overtime hours." *Id*. (concluding that *Gregory* was overruled by intervening California case law).

Under *Curtis*, the Court must determine whether the applicable CBAs satisfy the requirements of § 514. The applicable CBAs during the putative class period were: (1) the April 1, 2005 CBA, Dkt. No. 9-1, Gonzales Decl., Ex. 1 ("2005 CBA"); and (2) the October 1, 2018 CBA, Dkt. No. 26, Declaration of John F. McIntyre, Jr., Ex. 1 ("2018 CBA"). Gonzales Decl. ¶ 4. Having reviewed the CBAs and Defendant's supplemental declaration, the Court finds that the CBAs satisfy the requirements of § 514, meaning that Plaintiff's overtime claim is preempted by § 301 of the LMRA.[2] The CBAs provide for the hours of work and premium wage rates for all overtime hours worked. 2005 CBA at 5–6 (Article 19 specifying that an employee shall be paid 1.5 times his/her hourly rate for hours worked in excess of forty hours; normal hours of work shall be eight hours per day and forty hours per week, consisting of five eight-hour days; an employee shall be paid 1.5 times his/her hourly rate for all hours worked on Sunday; and Defendant may decide to establish a four-day schedule as a "normal workweek."); 2018 CBA at 5–6 (same). Further, the CBAs provide a regular hourly rate of pay of at least 30 percent higher than

---

[2] During oral argument, the Court directed Defendant to submit a supplemental declaration detailing how the CBAs satisfy the requirement that all covered employees were paid at a regular hourly rate of pay of not less than 30 percent more than the California minimum wage. Dkt. No. 27. The Court provided Plaintiff an opportunity to respond to Defendant's supplemental filing, but Plaintiff did not do so.

5

California's minimum wage. *See* 2005 CBA, Appendix 1; 2018 CBA, Appendix 1; Dkt. No. 28, Supplemental Declaration of John F. McIntyre ("Supp. McIntyre Decl."), Ex. 4.[3]

Plaintiff does not challenge the substance of the CBAs, but instead argues that *Curtis* is distinguishable because "in that matter plaintiff conceded that the CBA is applicable to plaintiff." Dkt. No. 16 ("Reply") at 3. But Plaintiff does not (and apparently cannot) dispute that his employment is governed by the CBAs, so the absence of an express concession is of no consequence. Further, Plaintiff's entire motion relies on cases decided years before *Curtis*. *See generally* Mot. The Court thus finds that Defendant has met its burden of proving that the CBAs here satisfy the requirements of § 514. Accordingly, Plaintiff's claim for overtime is controlled by the CBAs, "exists solely as a result of the CBA[s]," and is therefore preempted by the LMRA. *See Curtis*, 913 F.3d at 1155. The Court has federal question jurisdiction over the overtime claim.

### B. Supplemental Jurisdiction

Defendant asserts that because the Court has exclusive federal jurisdiction over Plaintiff's overtime claim, the Court should exercise supplemental jurisdiction over the remaining state law claims. Opp. at 7. Plaintiff's remaining claims under California law arise from the same working conditions and relationship with Defendant during the same period as Plaintiff's overtime claim. *See* Compl. ¶¶ 34–85 (failure to pay minimum wages, failure to provide meal and rest breaks, failure to provide accurate itemized wage statements, unlawful collection of wages, and violation of Cal. Bus. & Prof. Code §§ 17200 *et seq*.). Therefore, the Court finds that the claims derive from a "common nucleus of operative fact" and asserts supplemental jurisdiction over the remaining claims. *Kuba v. 1-A Agr. Ass'n*, 387 F.3d 850, 855 (9th Cir. 2004) ("Nonfederal claims

---

[3] Appendix 1 of the 2005 CBA provides that effective April 4, 2006, the regular hourly rate of pay for a Step 1 employee, the lowest-paid employee, is $10.58, with a "2.25% increase plus .70X the increase in the CPI-W in excess of 2.25% year to year effective April 1, 2007." 2005 CBA, Appendix 1. The CPI-W is the Consumer Price Index for Urban Wage Earners and Clerical Workers. Supp. McIntyre Decl. ¶ 7; *see id*., Ex. 6. Factoring in the baseline increase of 2.25% each year, plus any increase in CPI-W in excess of 2.25% multiplied by 0.70, the hourly rate of pay is more than 30% of California's minimum wage for each respective year. Supp. McIntyre Decl., Ex. 4; *see also id.*, Exs. 6, 7; Cal. Lab. Code § 1192.12(a) (setting California's minimum wages). The 2018 CBA provides for minimum hourly rates for a Step 1 employee in 2018 (after September 30, 2018) and 2019 of $15.50 and $15.89, respectively, also satisfying the condition that the wages provided are not less than 30% more than California's minimum wage. 2018 CBA, Appendix 1; *see* Cal. Lab. Code § 1192.12(a).

6

are part of the same 'case' as federal claims when they derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding." (citation and quotations omitted)).

### C. PAGA Claims

California enacted PAGA, Cal. Lab. Code § 2698 *et seq.*, to allow "aggrieved employees, acting as private attorneys general, to recover civil penalties for Labor Code violations, with the understanding that labor law enforcement agencies were to retain primacy over private enforcement efforts." *Arias v. Superior Court*, 46 Cal. 4th 969, 980 (2009). PAGA claims are derivative of the predicate California Labor Code violations, and therefore rise and fall with those underlying claims. *See Curtis*, 913 F.3d at 1150 n.3 (noting that the PAGA claim was derivative of the § 510 claim and could only succeed if the plaintiff prevailed on his § 510 claim).

Plaintiff, without citing any supporting authority, argues that his PAGA claims cannot be preempted because "an employee who brings an action pursuant to § 2699 stands in the shoes of the LWDA [Labor Workforce Development Agency]," so "it is immaterial if said employee is subject to any collective bargaining agreement during his or her employment." Case No. 19-cv-2854-HSG, Dkt. No. 9, at 7. According to Plaintiff, "if the LWDA is not a party to the CBA, then the CBA cannot affect or impact in any way an employee's § 2699 claims." *Id*. Plaintiff's argument misunderstands the nature of PAGA claims. That Plaintiff demands civil penalties under PAGA does not change the underlying nature of the predicate California Labor Code violations, which in this case include the same claims asserted in his putative class action complaint. *Compare* Compl. ¶¶ 43–47 (alleging that Defendant failed to pay overtime under § 510) *with* PAGA Compl. ¶¶ 60–91 (seeking penalties under PAGA for Defendant's failure to pay overtime under § 510). Thus, for the reasons already discussed, the Court finds it has jurisdiction over the PAGA claims.

//
//
//
//

**III. CONCLUSION**

Plaintiff's motion to remand is **DENIED**. The Court **SETS** a case management conference for November 26, 2019. The parties need not submit a further joint case management statement.

**IT IS SO ORDERED.**

Dated: 11/8/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge